### THE STATE OF KANSAS v. CHARLES O. BEARDSLEY.

NEW TRIAL — *Newly-Discovered Evidence.* Where a defendant is found guilty of the offense of selling intoxicating liquors in violation of law, upon evidence which tended to show that he made several sales of such liquors to various persons and at different times, newly-discovered evidence tending to show that one of such sales was made by a person other than the defendant, is not sufficient to authorize the granting of a new trial.

### *Appeal from Butler District Court.*

THE case is stated in the opinion. From a conviction at the October term, 1889, the defendant *Beardsley* appeals.

*Clogston, Hamilton, Fuller & Cubbison,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

41 — 43 KAS.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution upon indictment, in which the defendant was charged with selling intoxicating liquors in violation of law. A trial was had before the court and a jury, and the jury found the defendant guilty as charged in the first count of the indictment, and he was sentenced to pay a fine of $100, and to be imprisoned in the county jail for thirty days; and from this sentence he now appeals to the supreme court.

The only question presented to the supreme court is, whether the court below erred in overruling the defendant's motion for a new trial, founded upon the ground of newly-discovered evidence. The newly-discovered evidence is the testimony of one Oliver Rand. Upon the trial it appeared that the defendant at one time had sold beer to William Holloway, and that on several occasions Holloway had purchased beer at the defendant's house. The newly-discovered evidence tended to show that "Bill Holloway" came to the defendant's house at one time, and that Rand, who was then there in the employment of the defendant as a teamster, sold beer to Holloway.

This is wholly immaterial, as the evidence tended to show that the defendant himself not only sold beer to Holloway, but also sold beer on several occasions to Arthur Reams, and that Frank Daniels had also on three different occasions purchased beer at the defendant's house. As to which one of these sales the jury found the defendant guilty, we cannot tell. They may have found him guilty of making the sales to Reams. We do not think that the newly-discovered evidence is sufficient to require or even to authorize the granting of a new trial.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.